UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ERNEST MARTIN,

               Plaintiff,                        Case No. 1:24-cv-1340

v.                                           Honorable Ray Kent

MICHAEL J. POULIN et al.,

               Defendants.

_____/

## **OPINION**

       This is a civil rights action brought by a county detainee under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.4.)

       This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

       "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros.,*

*Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated at the Muskegon County Jail in Muskegon, Muskegon County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Sheriff Michael J. Poulin in his official capacity. Plaintiff also names Sergeant Lucy Jones as a Defendant without specifying the capacity in which she is being sued.

Plaintiff alleges that on November 10, 2024, he was called out for legal mail by Defendant Jones. (Compl., ECF No. 1, PageID.3.) Plaintiff noticed that his legal mail had already been opened outside of his presence. (*Id.*) Plaintiff states that on December 7, 2024, Plaintiff was again called

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

out and noticed that his legal had already been opened. Plaintiff states that the legal mail was photocopied and the original copies were destroyed. (*Id.*)

Plaintiff seeks damages and a change in policy.

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

4

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

In this action, Plaintiff alleges that on November 10, 2024, he was "called out for legal mail" by Defendant Jones, and Plaintiff "noticed that [his] legal mail had already been open[ed] before [he] got there." (Compl., ECF No. 1, PageID.3.) Plaintiff also alleges that on December 7, 2024, he "was called out again" and Plaintiff "noticed that [his] mail was again open[ed] before [he] got there." (*Id.*) Plaintiff claims that "[b]oth times [his] legal mail was open[ed] without [Plaintiff] being present[;] then it was photocopied and the original copies w[ere] destroyed." (*Id.*) The Court construes Plaintiff's complaint as asserting a claim under the First Amendment.

"A prisoner's right to receive mail is protected by the First Amendment." *Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992) (citing *Pell v. Procunier*, 417 U.S. 817, 822 (1974)). "Mail is one medium of free speech, and the right to send and receive mail exists under the First Amendment." *Al-Amin v. Smith*, 511 F.3d 1317, 1333 (11th Cir. 2008) (citing *City of Cincinnati v. Discovery Network, Inc.*, 501 U.S. 410, 427 (1993)) ("[T]he use of the mails is as much a part of free speech as the right to use our tongues." (internal quotation marks omitted)).

But a prisoner retains only those First Amendment freedoms which are "not inconsistent with his status as a prisoner or with legitimate penological objectives of the corrections system." *Martin v. Kelley*, 803 F.2d 236, 240 n.7 (6th Cir. 1986) (quoting *Pell*, 417 U.S. at 822; *see also Turner v. Safley*, 482 U.S. 78 (1987). It is well established that "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston,* 334 U.S. 266, 285 (1948). The

5

limitations on the exercise of constitutional rights arise both from the fact of incarceration and from valid penological objectives-including deterrence of crime, rehabilitation of prisoners, and institutional security. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (citing *Pell*, 417 U.S. at 822–23; *Procunier v. Martinez*, 416 U.S. 396, 412 (1974)).

Although "prison officials may open prisoners' incoming mail pursuant to a uniform and evenly applied policy with an eye to maintaining prison security," *Lavado v. Keohane*, 992 F.2d 601, 607 (6th Cir. 1993), there is a heightened concern with allowing prison officials unfettered discretion to open and read an inmate's legal mail. *Sallier v. Brooks*, 343 F.3d 868, 874 (6th Cir. 2003). As a result, the Sixth Circuit has made it clear that "a review of regulations governing 'legal mail' is subject to a heightened standard." *Jones v. Caruso*, 569 F.3d 258, 267 (6th Cir. 2009).

The Sixth Circuit has consistently held that the opening of legal mail should generally be in the inmate's presence. *Am. C.L. Union Fund of Michigan v. Livingston Cnty.*, 796 F.3d 636, 642–43 (6th Cir. 2015) (citing *Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996)). "The determination of whether particular kinds of correspondence qualify for the constitutional protection accorded a prisoner's 'legal mail' is a question of law properly decided by [the] court." *Sallier*, 343 F.3d at 873 (6th Cir.2003) (citing *Seal v. Morgan*, 229 F.3d 567, 580 (6th Cir. 2000) (stating that courts determine questions of law, juries determine questions of fact)). And, a review of the pertinent caselaw makes clear that the determination of whether mail is considered legal mail depends on the nature of the sender, the appearance of the mail, and the nature of the contents. *Longmire v. Mich. Dep't of Corr.*, 454 F. Supp. 3d 702, 708 (W.D. Mich. 2020), *aff'd*, No. 20-1389, 2021 WL 5352809 (6th Cir. June 9, 2021).

Here, as an initial matter, although Plaintiff uses the phrase "legal mail," Plaintiff alleges no facts about the specific mail at issue. (Compl., ECF No. 1, PageID.3.) Under these

circumstances, Plaintiff's vague and conclusory allegations fail to show that the mail at issue in this case was clearly marked as legal mail, that it had been sent by a licensed attorney, or that it otherwise indicated that it contained confidential, personal, or privileged material. Nor does Plaintiff allege any facts regarding the contents of the letter. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555.

Furthermore, "isolated instances of interference with prisoners' mail" may not rise to the level of a constitutional violation under the First Amendment. *See Johnson v. Wilkinson*, No. 98-3866, 2000 WL 1175519 (6th Cir. Aug. 11, 2000) ("This random and isolated interference with Johnson's mail did not violate his constitutional rights." (citation omitted)); *see also Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997) (holding that an "isolated incident, without any evidence of improper motive or resulting interference with [the inmate's] right to counsel or to access to the courts, does not give rise to a constitutional violation" (citations omitted)); *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003) (stating that "Okoro was only able to provide one specific incident where he allegedly did not receive the full contents of a letter from his wife," and concluding that "[s]uch a random and isolated incident is insufficient to establish a constitutional violation" (citation omitted)); *cf. Colvin v. Caruso*, 605 F.3d 282, 293 (6th Cir. 2010) (citing *Johnson* for the holding that "isolated interference" with prisoners' rights may not rise to the level of a First Amendment violation). Here, Plaintiff alleges that on one occasion (November 10, 2024), he was "called out for legal mail" by Defendant Jones, and Plaintiff "noticed that [his] legal mail had already been open[ed] before [he] got there." (Compl., ECF No. 1, PageID.3.) Plaintiff also alleges that he was called out for legal mail on December 7, 2024, and that the mail was also "open[ed] before [he] got there"; however, Plaintiff fails to allege any facts about who called him

out to receive the December 7, 2024, mail or who was involved in allegedly opening the mail outside of Plaintiff's presence. Under these circumstances, Plaintiff fails to show that Defendant Jones had any involvement with opening the December 7, 2024, mail. Therefore, Plaintiff's factual allegations show that Defendant Jones was involved in one isolated instance of alleged interference with Plaintiff's mail. The Court recognizes that legal mail is entitled to additional protections and that it is possible that under some circumstances, even one instance of improperly processing legal mail could violate an inmate's constitutional rights. However, the facts alleged by Plaintiff are not such a circumstance. Thus, for these reasons, Plaintiff's conclusory allegations that Defendant Jones violated his rights by opening his mail outside his presence fail to state a claim.

As to Defendant Poulin, Plaintiff makes no mention of Defendant Poulin in the body of his complaint. (*See* Compl., ECF No. 1, PageID.3.) Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights). Furthermore, to the extent that Plaintiff seeks to hold Defendant Poulin liable due to his supervisory position, government officials, such as Defendant Poulin may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).

Moreover, although when setting forth the relief that he seeks in this suit, Plaintiff states, "change the policy," Plaintiff fails to specify any facts regarding the existence of any policy related to legal mail at the jail, much less a policy which violated Plaintiff's rights. (Compl., ECF No. 1, PageID.3–4); *see Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity."); *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005) (discussing that to hold a county liable, a policy or custom must be the moving force behind the alleged constitutional injury, and the plaintiff must identify the policy or custom, connect it to the governmental entity, and show that his injury was incurred because of the policy or custom); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003).

Finally, as to Plaintiff's claim that his mail was photocopied, and the original copies were destroyed, Plaintiff fails to allege any facts suggesting that the named Defendants were involved in this conduct. Even setting that defect aside, to the extent that Plaintiff intended to raise a Fourteenth Amendment due process claim regarding the photocopying of the mail, as noted above, Plaintiff does not specify the contents of the mail or set forth any facts indicating that the original copies had any particular value above that of photocopies, or that the loss of the original copies damaged him in any way. Without the deprivation of a life, liberty, or property interest, Plaintiff fails to state a claim under the Due Process Clause. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). And, even if Plaintiff were to claim that the destruction of the original copies deprived him of property without due process of law, this claim would be barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Additionally, Plaintiff does not allege any facts indicating that receiving the photocopies resulted in any injury as related to Plaintiff's ability to access the courts. *Lewis v.*

*Casey*, 518 U.S. 343, 349 (1996). Therefore, for all of these reasons, Plaintiff's allegations regarding the destruction of original copies fail to state a claim under § 1983.

### <u>Conclusion</u>

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $605.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $605.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   January 22, 2025                          /s/ Ray Kent
                                                   Ray Kent
                                                   United States Magistrate Judge